Carolyn MORRISON, Plaintiff-Appellant,

v.

ERIE RAILROAD COMPANY, Defendant-Appellee.

No. 14924.

United States Court of Appeals Sixth Circuit.

Dec. 27, 1962.

Marvin Traxler, Youngstown, Ohio, Traxler & Malkoff, Marvin Traxler, Youngstown, Ohio, on the brief, for appellant.

John H. Ranz, Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, on the brief, for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This is an appeal from the United States District Court for the Northern District of Ohio, Eastern Division. The cause of action grew out of a collision between a train and an automobile in the City of Youngstown, Ohio.

The case was tried to a jury and during the course of its deliberation it submitted to the Court the following question in writing: "Does the Plaintiff have to prove beyond *doubt* the negligence?" The trial judge did not categorically answer the question. He referred to his general charge previously given to the jury and instructed it fully on the subjects of weight of the evidence and burden of proof by a preponderance of the evidence.

The sole assignment of error is that the trial judge did not adequately answer the jury's question by explaining more fully the difference between the requirement of proof, in criminal cases, beyond a reasonable doubt, and in civil cases, by a preponderance of the evidence.

The jury's deliberations were interrupted by an overnight recess. The question came near noon of the second day. It is reasonable to suppose that, with the discussions of the jurors and the overnight recess, some of the jurors did not remember what the judge had said. Following the explanation given by the judge, the jurors were sent out to lunch, to return to the jury room at two o'clock. At 2.30 p. m., the jury returned a verdict for the defendant. Upon a poll of the jury, each juror responded that the verdict was correct without question.

We consider that the supplemental instructions were adequate, properly stated the rule for the requirement of proof by a preponderance of the evidence in a civil case, and constituted a sufficient answer to the question.

The judgment of the District Court is affirmed.